## Commonwealth ex rel. v. Bishop

David Putney and K. B. Martindale, for petitioner.
William M. Hargest, Jr., for respondent.

WOODSIDE, J., February 9, 1948.—This case involves the custody of a child. When parents, divorced and remarried, each seek custody of their child it is almost as detrimental to the well-being of the offspring as if both would reject it. Here we must decide between two parents, both of whom love their 11-year-old daughter, and both of whom have established homes satisfactory for the care of their daughter.

Under an agreement entered into when the parents separated the mother was to "have full and complete custody" of the child and the father was to "have the right to have said child visit him," one half of the school summer vacation, one week of the Christmas school vacation, all of the spring or Easter school vacation, two weekends a month and one day a week during those periods not included in the above vacations.

Shortly after the parents were divorced each remarried, the mother moving with her husband to Williamsport. Her home life was somewhat disrupted while her husband was in the service but they now

own an eight-room house in DuBoistown, a suburb of Williamsport, where they live with their young son. The house is adequate and well kept.

Under the custody agreement the father had custody of the child, Patricia Carlyle Bishop, last summer and when the time came for him to return her to the mother he refused to do so and she brought this writ of habeas corpus to recover custody.

The equities are with the mother. The agreement, freely entered into while both were represented by counsel, gives custody to her. The father wilfully and improperly disregarded the agreement in not returning the child to the mother. Relatrix, Mrs. Carlyle Bishop Page, at all times has shown great concern over her daughter, and has been a good mother. If it were a chattel relatrix were seeking the equities resting in the mother would permit her to prevail, but inasmuch as we have before us the life of a child our first consideration must be the welfare of the child: Commonwealth ex rel. Kreiling v. Kreiling, 156 Pa. Superior Ct. 526, 530 (1944) ; Commonwealth ex rel. Roland v. Hankee, 58 Dauphin 271, 277 (1947). Where in a dispute between parents there is a conflict between the welfare of the child and the rights of one of the parties, the welfare of the child must prevail.

The child's father is a teacher in the public schools in the City of Harrisburg. He is now married to Fay Eloise Bishop, a graduate medical technician with two years training at Temple University. Both are cultured, have good living quarters and are respected citizens. They have no children to each other.

The child is emphatic in her insistence that she be permitted to remain with her father.

The child has chosen the city school over the country school, the home of better economic conditions.

Although both parents get along satisfactorily with their new spouses there is evidence that the marital harmony of the father's home is better than that of the

mother's home. We fear that to take the girl from the home, school, associates and community of her choice and to compel her to live in a rural community and attend a rural school which she dislikes would in the end be of no satisfaction to the mother and would leave the girl a bitter, frustrated child which would destroy all hope of her developing a normal personality.[1] It is for this reason we are permitting Patricia to remain with her father during the time when the public school is in session. She thereby will have the advantages of the school system in which she is now enrolled.

During the summer vacation there is no reason why Patricia cannot enjoy herself in the rural community in which her mother resides and we think the mother should have custody during most of the vacation periods.

We have seen indications that this child needs discipline and we have also seen some indication that the mother is more strict than the father.

After the hearings we warned both parents, as well as both stepparents, that if it came to the attention of the court that any party was trying to prejudice the child against any of the others we would seriously consider opening and revising any order which we had previously entered. We again admonish the parties that it is the duty of each to do what is possible to develop in the child love and respect for all of her parents, both real and stepparents.

And now, to wit, February 9, 1948, respondent Glenroy H. Bishop shall have custody and control of his daughter, Patricia Carlye Bishop, except that relatrix,

---

[1] Last December we advised counsel of the general conditions of our order, suggested they try to work out the details, and in the meantime we directed that the daughter should spend most of the Christmas vacation with her mother. According to information furnished us by counsel the tension between the mother and daughter was such that the mother sent her back to the father before the expiration of her allotted time.

Caryle Bishop Page shall have the custody and control of her said daughter (1) during all of the summer vacation periods excepting for two weeks; (2) during Christmas vacation except that the custody be alternated on Christmas Day; (3) during one weekend between the opening of school and Christmas and one weekend between Christmas and the closing of school. The said child shall be delivered to and brought back from relatrix at the cost of respondent.